**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| INTELIQUENT, INC., | |
| Plaintiff, | Case No. 16-cv-6976 |
| v. | |
| FREE CONFERENCING CORP., et al., | Judge John Robert Blakey |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This case involves a complex telecommunications dispute between, among others, Plaintiff Inteliquent and Defendants Free Conferencing, HD Tandem, and Carrier X. Free Conferencing, HD Tandem, and Carrier X filed a third amended counterclaim in February 2018, asserting five counts against Inteliquent and Matthew Carter, formerly Inteliquent's President and Chief Executive Officer. [336]. Inteliquent moved to dismiss two of the counts. [350]. For the reasons explained below, this Court grants Inteliquent's motion.

This Court presumes familiarity with, and incorporates by reference, its prior opinion partially granting Inteliquent's motion to dismiss the second amended counterclaim. [168]. Thus, this opinion omits a background section.

## I. Legal Standard

A counterclaim must meet the same standard as a complaint to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001). Thus, a

counterclaim must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A counterclaim must also contain "sufficient factual matter" to state a facially plausible claim—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

In evaluating a counterclaim on a Rule 12(b)(6) motion, this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the counterclaimant's favor. *Iqbal*, 556 U.S. at 678. This Court does not, however, accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). On a motion to dismiss, this Court may consider the counterclaim itself, documents attached to the counterclaim, documents central to the counterclaim and to which the counterclaim refers, and information properly subject to judicial notice. *See Williamson*, 714 F.3d at 436.

## II. Analysis

### A. Count II: Unjust Enrichment

Count II claims that Inteliquent unjustly enriched itself by accepting HD Tandem's voice termination services without paying for them. [336] ¶¶ 141–46.

Inteliquent argues that this claim fails because an express contract governed its relationship with HD Tandem. [351] at 4–5.

Under Illinois law, an unjust enrichment claim fails when "the claim rests on the breach of an express contract." *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 902 (7th Cir. 2006) (citing *Guinn v. Hoskins Chevrolet*, 826 N.E.2d 681, 704 (Ill. 2005)). Even if the claimant pleads unjust enrichment in the alternative, the claim "necessarily fails" if the parties do not dispute the existence and validity of a contract between them. *Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 797 (N.D. Ill. 2010) (applying Illinois law and dismissing a similar claim with prejudice).

Here, Inteliquent and HD Tandem agree that a valid, enforceable contract—the Master Services Agreement (MSA)—governed how HD Tandem provided voice termination services to Inteliquent. *See* [315-1] at 412 (MSA attached to Inteliquent's third amended complaint as an exhibit); [336] ¶ 36 n.1 (the third amended counterclaim directs this Court to Inteliquent's MSA exhibit). Because the parties had a valid, enforceable contract, this Court dismisses Count II with prejudice. *See Hickman*, 683 F. Supp. 2d at 797.

### B. Count V: Fraudulent Concealment

Count V claims that, during a February 2016 meeting of senior managers from Inteliquent and Free Conferencing, Inteliquent concealed certain information about "fraudulent routing" that it used to slow down Free Conferencing's network. [336] ¶¶ 167–74. Inteliquent allegedly concealed this information despite knowing that Free Conferencing expected, pursuant to the parties' Master Addendum, that

Inteliquent would cooperate to discover the source of the routing issues plaguing Free Conferencing's network. *Id.* Inteliquent argues that this claim fails because Inteliquent had no duty to disclose that information, and the alleged wrongdoing falls within the counterclaim for breach of contract. [351] at 6–7.

To state a claim for fraudulent concealment under Illinois law, a claimant must allege, among other things, that a party concealed a material fact while under a duty to disclose that fact to the claimant. *See Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 593 (Ill. 1996). Ordinarily, such a duty arises from a fiduciary or "special trust" relationship between the parties. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 570 (7th Cir. 2012). Illinois courts also recognize, however, that silence during a business transaction—when accompanied by deceptive conduct or suppression of material facts—creates a duty to disclose. *See Henderson Square Condo. Ass'n v. LAB Townhomes, L.L.C.*, 16 N.E.3d 197, 216 (Ill. App. Ct. 2014); *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 969 (Ill. App. Ct. 2004); *Russow v. Bobola*, 277 N.E.2d 769, 771 (Ill. App. Ct. 1972).

Free Conferencing and HD Tandem do not argue that Inteliquent had a fiduciary relationship with them; instead, they argue that Inteliquent's silence and deceptive conduct during the February 2016 meeting created a duty for Inteliquent to reveal what it knew about the disruption of calls through Free Conferencing's network via the fraudulent routing. [364] at 13. But like the cases cited above, each case that the counterclaimants offer to support their claim involved a defendant who concealed a material fact during the *formation* of a contract. *See,*

*e.g.*, *O'Donoghue v. Inland Bank & Trust*, No. 15-cv-11603, 2017 WL 5891199, at *3 (N.D. Ill. Nov. 27, 2017) (despite knowing otherwise, company orally represented during merger negotiations that regulatory authorities would approve the merger); *Henderson Square*, 16 N.E.3d at 202 (property developers remained silent about defects in units to induce sales); *The Clearing Corp. v. Fin. & Energy Exch. Ltd.*, No. 09-cv-5383, 2010 WL 2836717, at *1 (N.D. Ill. July 16, 2010) (corporation made false representations to encourage the plaintiff to contract it as a service provider); *Heider v. Leewards Creative Crafts, Inc.*, 613 N.E.2d 805, 814 (Ill. App. Ct. 1993) (warehouse seller remained silent about asbestos in the building when prospective buyer asked about the condition of certain areas).

In contrast, the parties here entered the MSA and the Master Addendum well before February 2016. The Master Addendum contains a fraud provision that Free Conferencing and HD Tandem interpret as requiring Inteliquent to cooperate with Free Conferencing to address any "fraudulent traffic" on Free Conferencing's network. [336] ¶ 76. In other words, Count V essentially alleges that Inteliquent breached its obligations under the Master Addendum by failing to disclose its fraudulent routing practices. *See* [364] at 5 ("Inteliquent had a duty to disclose this information based on the Fraud Provision of the Master Addendum."). Repackaged breach-of-contract claims cannot support a cause of action for fraudulent concealment. *See Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 395 (7th Cir. 2011). Thus, this Court dismisses Count V.

## III. Conclusion

This Court grants Inteliquent's motion to dismiss Counts II and V of the third amended counterclaim [350]. This Court dismisses Count II with prejudice and Count V without prejudice because this Court has not previously ruled on Count V. If Free Conferencing, HD Tandem, and Carrier X choose to file an amended counterclaim, they must do so by June 15, 2018.

This Court strikes the motion hearing set for June 12, 2018 and sets this case for a final discovery status on September 20, 2018 at 9:45 a.m. in Courtroom 1203. All other dates and deadlines stand.

Dated: May 23, 2018

Entered:

John Robert Blakey
United States District Judge